UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL JOHNSON,

                Plaintiff,

           -v-                                              9:24-CV-1399 (AJB/MJK)

MIRLENE JANVIER and
OFFICER DOES 1-10,

                Defendants.
_____

**Hon. Anthony Brindisi, U.S. District Judge:**

## ORDER ON REPORT & RECOMMENDATION

On November 15, 2024, plaintiff Michael Johnson ("plaintiff"), who was at that time an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Mid-State Correctional Facility, filed this counseled 42 U.S.C. § 1983 action alleging that defendant Mirlene Janvier and ten John Does assaulted him. Dkt. No. 1. The matter was initially assigned to U.S. District Judge Glenn T. Suddaby, but was soon reassigned to this Court. Dkt. No. 5.

On May 9, 2025, defendant moved for pre-answer dismissal of plaintiff's complaint. Dkt. No. 13. Shortly thereafter, plaintiff's counsel moved to withdraw because plaintiff had stopped communicating with the firm and diligent attempts to locate plaintiff had failed. Dkt. No. 16. That motion was referred to U.S. Magistrate Judge Mitchell J. Katz, who stayed consideration of the motion to dismiss and directed plaintiff to show cause why his counsel should not be relieved. Dkt. Nos. 15, 17, 22. After plaintiff failed to respond, Judge Katz granted plaintiff's counsel's motion to withdraw and directed plaintiff to appear on his own behalf. Dkt. No. 24. But plaintiff

failed to appear, so Judge Katz lifted the stay on defendant's motion to dismiss, which remained pending. Dkt. No. 26.

Soon after, however, plaintiff's former counsel filed a letter requesting a further 30-day stay of the Court's consideration of the still-pending motion to dismiss. Dkt. No. 27. In light of the unusual nature of the request and plaintiff's *pro se* status, Judge Katz relented. Dkt. No. 28. In a follow-up letter, plaintiff's former counsel asked for a further 30-day extension to give plaintiff more time to retain successor counsel. Dkt. No. 29. Again, Judge Katz agreed. Dkt. No. 30.

Ultimately, however, those deadlines elapsed without the appearance of successor counsel on plaintiff's behalf. Worse still, plaintiff has not communicated with the Court directly, and a recent attempt by the Clerk's Office to obtain an address for plaintiff suggested that he has absconded from parole supervision and is, for present purposes, unreachable. Accordingly, Judge Katz advised by Report & Recommendation ("R&R") that defendant's long-pending motion to dismiss be granted. Dkt. No. 31.

Plaintiff has not lodged objections, and the time period in which to do so has expired. *See* Dkt. No. 31. Upon review for clear error, the R&R is accepted and will be adopted. *See* FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 31) is ACCEPTED;

2. Defendant's motion to dismiss (Dkt. No. 13) is GRANTED; and

3. Plaintiff's complaint (Dkt. No. 1) is DISMISSED without prejudice.

The Clerk of the Court is directed to terminate the pending motions, enter a judgment accordingly, and close the file.

- 3 -

**IT IS SO ORDERED.**

Dated: February 24, 2026
       Utica, New York.

_____
Anthony J. Brindisi
U.S. District Judge